

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

February 21, 1986

Mr. Gibson DuTerroil
Chairperson
Texas Committee on Purchases of
    Products and Services of Blind
    and Severely Disabled Persons
314 Highland Mall Boulevard
Suite 258
Austin, Texas 78752

Opinion No. JM-444

Re: Applicability to counties, cities, hospital districts, and school districts of chapter 122 of the Human Resources Code, which relates to the procurement of the products or services of disabled individuals

Dear Mr. DuTerroil:

You ask about the apparent conflict between a statute that allows political subdivisions to purchase products or services produced by disabled persons without engaging in competitive bidding and statutes that require certain political subdivisions to engage in competitive bidding.

Section 122.014 of the Human Resources Code provides:

> A product manufactured for sale to a political subdivision of this state or an office or department thereof shall be manufactured or produced according to specifications developed by the purchaser. <u>A political subdivision of this state may purchase products or services for its use from private businesses through its authorized purchasing procedures, but may substitute equivalent products or services produced by blind or other severely disabled persons under the provisions of this chapter. Nothing in this chapter shall be construed to require a nonprofit agency for blind or other severely disabled persons to engage in competitive bidding.</u> (Emphasis added).

You ask whether counties, cities, school districts, and hospital districts may purchase products or services from the disabled without engaging in competitive bidding pursuant to section 122.014 even under circumstances in which other statutes require them to engage in competitive bidding.

In Attorney General Opinion JM-385 (1985), we considered whether a county was required to comply with the competitive bidding procedure

set out in the County Purchasing Act, article 2368a, V.T.C.S., before it could purchase goods or services from the disabled pursuant to section 122.014 of the Human Resources Code. Because specific statutes prevail over general statutes on the same subject, we concluded that the specific exception from competitive bidding set out in section 122.014 of the Human Resources Code prevailed over the general requirements of the County Purchasing Act when the county purchased goods or services from the disabled.

The same reasoning applies to the other political subdivisions you ask about. General statutes require cities, hospitals, and school districts to engage in competitive bidding before they make certain purchases. V.T.C.S. art. 2368a, §2 (cities); V.T.C.S. art. 4494o, §34 (hospital districts); Educ. Code §21.901 (school districts). Those general statutes are inapplicable, however, to a situation in which one of those subdivisions purchases goods or services pursuant to section 122.014 of the Human Resources Code.

## S U M M A R Y

General statutes that require counties, cities, hospital districts, and school districts to engage in competitive bidding in order to make certain purchases do not apply to purchases such political subdivisions make pursuant to section 122.014 of the Human Resources Code.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General